IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-WR-73,450-01 AND WR-73,450-02






EX PARTE JAMES OWEN SPURLOCK, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NO. 19,452-2006A AND 19,457-2006A 


IN THE 402ND JUDICIAL DISTRICT COURT

FROM WOOD COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two charges
of aggravated sexual assault of two different disabled individuals, and was sentenced to twenty
years' imprisonment for each charge, to be served concurrently. He did not appeal his convictions.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to investigate, failed to obtain DNA testing from Applicant's wife, and coerced
Applicant into pleading guilty by advising him that his wife would be subject to prosecution for
aggravated perjury and could be sentenced to thirty years' imprisonment if she testified as she
proposed to do at trial. Applicant also alleges that counsel had a conflict of interest because he was
aware that Applicant blamed him for coercing him into pleading guilty, and would not assist
Applicant in trying to withdraw his pleas.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel by obtaining an affidavit from counsel. The trial court may also use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial
court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the record with copies of the plea papers, including any
written plea agreements, admonishments, judicial confessions, and stipulations. The trial court shall
make findings of fact as to whether counsel reviewed the results of the State's DNA testing, and
whether counsel considered having Applicant's wife submit samples for DNA testing. The trial
court shall make findings as to whether Applicant indicated a desire to have a jury trial, and if so,
when he elected to forgo a jury trial in favor of pleading guilty. The trail court shall make findings
as to whether counsel advised Applicant that his wife could receive thirty years for aggravated
perjury if she testified at trial that she and Applicant had sex in the complainant's room. The trial
court shall make findings as to whether a conflict of interest existed when Applicant sought to
withdraw his pleas because he believed that counsel had coerced him into pleading guilty. The trial
court shall make findings as to whether the performance of Applicant's trial attorney was deficient
and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: March 3, 2010

Do not publish